PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. FRANCISCO BAUZÁ, Defendant and Appellant.

No. 4311. Argued February 5, 1931.—Decided June 8, 1931.

*Buenaventura Esteves* for appellant. *R. A. Gómez* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

Francisco Bauzá was charged with having killed with a truck driven by him a heifer belonging to Juan Torres, and with having failed to report the details of the accident at the nearest police station. At the trial the prosecuting attorney and the defendant, through his counsel, admitted by a stipulation that when the accident occurred at the place in question, Bauzá stopped his vehicle and gave his name, address, and license number, and stated that he was the owner of the said vehicle, but that he did not go to the nearest police station or to any other station to report the details of the accident.

Francisco Bauzá appeals from a judgment sentencing him to pay a fine of one dollar, with costs, and in support of his

appeal he maintains that the lower court erred in finding that the complaint charges a public offense, and that it also erred because the judgment is contrary to the law and the facts. He argues both grounds of appeal jointly, and we shall consider them similarly.

The section of the Motor Vehicle Act under which the appellant was convicted reads as follows:

"Section 12.—(b) In case of accident to person or property due to the operation of a motor vehicle, the person operating such vehicle shall stop and give his name and address and license number to the person injured or to any policeman or other person interested, and, if not the owner of the vehicle, also the name and address of such owner. He also shall report the details of such accident at the next police station. . . ."

The appellant says that the property referred to in this section can not be either a dog, a hen, or a cat, etc. However, the word "property" is used in the act in a generic sense and includes therefore real and personal property, comprising in the latter term animals as being movables (*semovientes*).

As to his claim that it was not necessary for him to go to the nearest police station because at the time of the accident he gave his name, address, and license number, and stated that he was the owner of the truck, the statutory requirement might perhaps be considered as having been complied with if such data had been given to a policeman, but not in a case like the present one, where it does not appear to whom the defendant furnished such data.

The judgment appealed from must be affirmed.